PEOPLE *v.* ORR

CRIMINAL LAW—JUDGES—PREJUDICE.

> Trial judge's inquiry, in a nonjury trial, at the close of proofs, whether defense counsel intended to call proposed alibi witnesses or whether that defense had been waived was not evidence of prejudice.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 February 3, 1971, at Detroit. (Docket No. 8202.) Decided May 24, 1971.

Garland Orr was convicted of assault with intent to commit rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Luvenia Dockett,* Assistant Prosecuting Attorney, for the people.

*Irving Tukel,* for defendant on appeal.

Before: LESINSKI, C. J., and R. B. BURNS and LEVIN, JJ.

PER CURIAM. Defendant, Garland Orr, was convicted by a judge sitting without a jury of assault

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial § 83.

with intent to commit rape.   MCLA § 750.85 (Stat Ann 1962 Rev § 28.280).   He appeals as of right.

The complaining witness testified that defendant entered her apartment on the pretext of borrowing a dress for a mutual friend.   Once inside he pointed a pistol at her, told her to disrobe, and attempted sexual intercourse.

On appeal defendant contends that the trial judge evidenced prejudice by his comments at trial.   Contrary to defendant's claim, this record does not show prejudice on the part of the trial judge, but instead shows an abiding concern for the rules of evidence.

At the close of proofs the trial judge inquired whether defense counsel intended to call proposed alibi witnesses or whether that defense had been waived.   Defense counsel stated that the witness was unavailable and reiterated defendant's claim that he was at home when the crime was alleged to have occurred.   We find nothing in the record to indicate that the trial judge showed partiality to either side or that defendant did not receive a fair trial.

Thorough examination of the record reveals sufficient evidence to sustain a guilty verdict.

Affirmed.